# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1992

_____

Shirley A. Tyus,                                    *
                                                    *
                    Appellant,                      *
                                                    *   Appeal from the United States
        v.                                          *   District Court for the
                                                    *   Eastern District of Arkansas.
Conway Police Department (Faulkner                  *
County); David Reynolds, Judge,                     *   [UNPUBLISHED]
Conway Court,                                       *
                                                    *
                    Defendants,                     *
                                                    *
Mike Welsh, Investigator, Conway                    *
Police Department; Dana Otto, Adult                 *
Probation,                                          *
                                                    *
                    Appellees,                      *
                                                    *
Carol McCombs, Officer, Conway                      *
Sheriff Office, originally sued as to               *
"McCombs,"                                          *
                                                    *
                    Defendant.                      *

_____

Submitted: November 7, 2007
Filed: November 13, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Shirley A. Tyus appeals the district court's[1] adverse grant of summary judgment in her 42 U.S.C. § 1983 action.[2]  Upon de novo review of the record, see Williams v. City of Carl Junction, Mo., 480 F.3d 871, 873 (8th Cir. 2007), we find no basis for reversal.

Initially, we note that Tyus's complaint was unclear as to how Investigator Mike Welsh's actions in May 2001 violated her rights under Miranda v. Arizona, 384 U.S. 436 (1966), and that she never clarified this claim below (nor does she do so on appeal).  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se litigants must set forth claim in manner which, taking pleaded facts as true, states claim as matter of law); United States v. Axsom, 289 F.3d 496, 500 (8th Cir. 2002) (explaining rights under Miranda).  Further, Tyus failed to counter Welsh's evidence showing that he had probable cause to arrest her in May 2001, and that his July 2002 search of her home was proper.  See Gilbert v. Des Moines Area Cmty. Coll., 495 F.3d 906, 915 (8th Cir. 2007) (district court need not speculate on which part of record nonmoving party relies, nor is it obligated to wade through entire record to search for some specific facts that might support nonmoving party's claims); United States v. Torres-Lona, 491 F.3d 750, 755-56 (8th Cir. 2007) (officer has probable cause to make warrantless arrest when facts and circumstances are sufficient to lead reasonable person to believe defendant has committed or is committing offense); United States v. Grant, 490 F.3d 627, 632-33 (8th Cir. 2007) (discussing requirements for legal search); Tyus v. Arkansas, No. CACR 02-800, 2003 WL 21019620, at **2-3 (Ark Ct.

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[2]Tyus has abandoned her claims against all parties except defendant Welsh in his official capacity, and has abandoned her claims of conspiracy, racial discrimination, and negligence.  See Griffith v. City of Des Moines, 387 F.3d 733, 739 (8th Cir. 2004) (where claims are not briefed on appeal, they are deemed abandoned); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (when complaint is silent as to capacity, court interprets it as including only official-capacity claims).  We decline to address the claims and allegations she raises for the first time on appeal.  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

App. May 7, 2003) (unpublished order) (fraudulent use of credit card is Class C felony if value of services or goods obtained during any 6-month period exceeded $100). Any section 1983 claim against the City of Conway thus failed for lack of evidence of a constitutional violation.  See Hassan v. City of Minneapolis, Minn., 489 F.3d 914, 920 (8th Cir. 2007).  There was also no basis for a state-law defamation claim arising from publication of Tyus's July 2002 arrest in the local newspaper.  See Dodson v. Allstate Ins. Co., 231 S.W.3d 711, 716 (Ark. 2006) (elements of defamation claim).


        Accordingly, we affirm.  See 8th Cir. R. 47B.
                     _____